UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

HECTOR FELICIANO,

               Plaintiff,                         **MEMORANDUM & ORDER**

    -against-                               03-CV-2388 (DRH) (JO)

COUNTY OF SUFFOLK, et al.

               Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**A P P E A R A N C E S :**

**Kenechukwu Chudi Okoli, Esq.**
Attorney for Plaintiff
330 Seventh Avenue, 15th Floor
New York, NY 10001

**Christine Malafi, Suffolk County Attorney**
Suffolk County Department of Law
P.O. Box 6100
Hauppauge, NY 11788-0099
By: Richard T. Dunne, Esq.

**HURLEY, District Judge:**

*INTRODUCTION*

        Plaintiff Hector Feliciano moves this Court to reverse the May 10, 2005 order

of United States Magistrate Judge James Orenstein, which denied Feliciano's request to extend

discovery in the above-captioned action. For the reasons that follow, the motion is denied.

*BACKGROUND*

        Feliciano filed this complaint on May 12, 2003. On September 19, 2003,

United States Magistrate Judge E. Thomas Boyle set a discovery due date of March 30, 2004, and scheduled a status conference for April 22, 2004. On the latter date, Thomas Sheehan, Feliciano's attorney, neither appeared nor communicated with the Court, and the Defendant reported that he "has failed to pursue any discovery and return phone calls." Judge Boyle ordered Feliciano to show cause in writing by affidavit why the case should not be dismissed. At a subsequent conference on May 13, 2004, Judge Boyle allowed the parties until August 31, 2004 to complete discovery. The case was subsequently reassigned to Judge Orenstein.

Following Sheehan's failure to submit a pre-trial order as required on September 17, 2004, and to appear at an initial pre-trial conference on September 21, 2004, Judge Orenstein ordered Feliciano to show cause why he should not impose sanctions and recommend dismissal of the case. At an October 20, 2004 conference, Judge Orenstein noted that "discovery has not progressed despite previous orders," and that Sheehan had "offered no explanation for his repeated failures to meet deadlines and otherwise comply with orders." Judge Orenstein ordered both Feliciano and Sheehan to submit affidavits "explaining why there has been no progress in this case and why it should nevertheless be allowed to proceed." These affidavits were received on October 28, 2004; Sheehan's affidavit states in part that "Plaintiff has always wanted to proceed with this case, and it is the fault of my office that the case hasn't proceeded on a timely basis."

On January 21, 2005, Feliciano asked this Court to "release" Sheehan, and allow him to proceed pro se; the request was granted on February 10, 2005. On April 14, 2005, Judge Orenstein allowed Feliciano a "brief opportunity" — until June 14, 2005 — to complete

discovery.   Feliciano subsequently obtained a new attorney, K.C. Okoli, who submitted a notice

of appearance on May 3, 2005, and on the same day, asked Judge Orenstein to extend his

previously-imposed discovery deadline.   According to Okoli's letter request, the prior lack of

progress in this case was entirely the fault of Sheehan, and not attributable to Feliciano.   Judge

Orenstein refused this request, noting "the history of extensive delays in this case, which are

not exclusively attributable to plaintiff's former counsel."   After Judge Orenstein refused to

reconsider his decision, Feliciano moved this Court on May 20, 2005 to reverse it.

*DISCUSSION*

I.      *Standard of Review*

This court reviews magistrate judges' non-dispositive pretrial orders under a

"clearly erroneous or contrary to law" standard.   *See* 28 U.S.C. § 636(b)(1)(A), *and* Fed. R.

Civ. P. 72(a).   Discovery matters generally are considered non-dispositive of litigation.   *See*

*Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990).   An order is

"clearly erroneous" only if a reviewing court, considering  the entirety of the evidence, "is left

with the definite and firm conviction that a mistake has been committed"; an order is "contrary

to law" when it "fails to apply or misapplies relevant statutes, case law, or rules of procedure."

*E.E.O.C. v. First Wireless Group, Inc.*, 225 F.R.D. 404, 405 (E.D.N.Y. 2004) (quoting *Weiss*

*v. La Suisse*, 161 F. Supp.2d 305, 320-21 (S.D.N.Y. 2001)).   This standard is "highly

deferential," "imposes a heavy burden on the objecting party," and "only permits reversal where

the magistrate judge abused his discretion."   *Mitchell v. Century 21 Rustic Realty*, 233 F.

Supp.2d 418, 430 (E.D.N.Y. 2002).

Because a magistrate judge is clearly the best qualified to "judge the entire atmosphere of the discovery process," *Bogan v. Northwestern Mut. Life Ins. Co.*, 144 F.R.D. 51, 53 (S.D.N.Y. 1992), his discovery-related rulings are entitled to particular deference. *See Nikkal Indus., Ltd. v. Salton, Inc.*, 689 F. Supp. 187, 189 (S.D.N.Y. 1988) ("Consistently, it has been held that a magistrate's report resolving a discovery discourse between litigants should be afforded substantial deference and be overturned only if found to be an abuse of discretion.") (citing *Empire Volkswagen, Inc. v. World Wide Volkswagen Corp.*, 95 F.R.D. 398, 399 (S.D.N.Y.1982), *aff'd,*814 F.2d 90 (2d Cir. 1987)).

II.    *Judge Orenstein's Refusal to Extend Discovery Was Neither Clearly Erroneous Nor Contrary to Law.*

"Discovery cannot work effectively as a tool for the swift, inexpensive and just determination of [an] action" if one party is permitted to abuse the process, *Bogan*, 144 F.R.D. at 53, and it is thus well-established that courts may take strict steps to prevent abuse of the discovery process by litigants. *See*, *e.g.*, *Anjelino v. New York Times Co.*, 200 F.3d 73, 100 (3d Cir. 1999) (affirming denial of requested additional discovery, in order to "prevent[] litigants from 'playing fast and loose with the courts' "); *Weiss v. La Suisse*, 161 F. Supp.2d 305, 322 (S.D.N.Y. 2001) (discovery rules exist to prevent, and magistrate judge "acted well within the parameters of his discretion to put a stop to," "nonsense" of discovery-related objections consistently raised "on the eve of the close of discovery"); *Moss v. Enlarged City Sch. Dist. of City of Amsterdam*, 166 F. Supp.2d 668, 670 (N.D.N.Y. 2001) (magistrate judge

4

whose previous order precluded plaintiff from serving any further interrogatories did not abuse his discretion by denying plaintiff permission to serve requests for admission determined to be "thinly veiled interrogatories designed to avoid the effect of his previous orders"); *Ashjari v. NYNEX Corp.*, No. 93 Civ. 751, 1998 WL 699503, *2 (S.D.N.Y. Oct. 2, 1998) (denying pro se plaintiff's motion to reopen discovery, given his prior failure to take advantage of "numerous extensions for completing discovery"); *and Covia P'ship v. River Parish Travel Ctr., Inc.*, No. 90 Civ. 3023, 1993 WL 149687, at *1 (E.D. La. May 4, 1993) (affirming magistrate's refusal to reopen discovery where litigant's failure to obtain information was "due to its own procrastination"). *See also Marcin Eng'g, LLC. v. Founders at Grizzly Ranch, LLC.*, 219 F.R.D. 516, 521 (D. Colo. 2003) ("[t]hat new counsel is dissatisfied with the state of the case it inherited is not grounds under this authority for reopening discovery"); *and Boyd v. Telecable of Overland Park, Inc.*, 752 F. Supp. 388, 396 (D. Kan. 1990) (where "another attorney had agreed to conduct [discovery] while [plaintiff's] attorney . . . was busy preparing for other pending litigation," and "the date set for completion of discovery had been extended once before at [plaintiff's] request," other counsel's withdrawal did not negate obligation to complete discovery as ordered).

Feliciano argues that Judge Orenstein's refusal to extend discovery was clearly erroneous in light of the affidavits submitted by Sheehan and Feliciano (noted *supra*), which purportedly indicate that "whatever delay there has been in this case was not caused by plaintiff personally, but by his counsel." But as the Defendant suggests, it is eminently reasonable to suppose that by the time Feliciano submitted his affidavit (which essentially states that his

attorney neglected his case) in October 2004, he should have been aware that he would have to change attorneys. The Defendant also notes that Feliciano himself was present at a conference before Judge Boyle on May 13, 2004, where Sheehan was warned "one last time" to abide by discovery deadlines. In light of these considerations, this Court cannot state that Judge Orenstein's refusal to extend the discovery deadline an additional "one last time" was clearly erroneous.

## *CONCLUSION*

For all of the above reasons, Judge Orenstein's previously imposed time limit for discovery, and his refusal to extend that time limit, are hereby AFFIRMED.

**SO ORDERED.**

Dated: Central Islip, New York
     June 21, 2005

  /s/
Denis R. Hurley
United States District Judge
